0D516 - O19

## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO

**PAUL NORMAND**
4527 Warrensburg Road
Delaware, OH 43015

And

**PAULINE NORMAND**
4527 Warrensburg Road
Delaware, OH 43015

       Plaintiffs,

    -vs-

**ZIMMER, INC.**
**Also Known as Zimmer Biomet**
c/o Corporation Service Company
251 East Ohio Street, Suite 500
Indianapolis, Indiana 46204

    And

**ZIMMER BIOMET HOLDINGS, INC.**
**Formerly Known as**
**ZIMMER HOLDINGS, INC.**
c/o Corporation Service Company
251 East Ohio Street, Suite 500
Indianapolis, Indiana 46204

    And

**ZIMMER BIOMET MID-OHIO, INC.**
c/o Mercury Agent Company
250 West Street, Suite 700
Columbus, Ohio 43215

    And

**JOHN DOES DEFENDANTS #1-10**
Names and Addresses
Unknown to Plaintiff

       Defendants.

**C O M P L A I N T**

**Jury Demand Endorsed Hereon**

**Case Category B**
(Product Liability)

Case No. _____

Judge _____

EXHIBIT A

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 2 of 13 PAGEID #: 48
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - O20

**COMPLAINT**
(Jury Demand Endorsed Hereon)

Now comes Plaintiffs, by and through counsel, and for their causes of action state as follows:

1.      At all times relevant hereto, Plaintiff Paul Normand (hereinafter "Plaintiff") was a resident of Delaware, Delaware County, Ohio.

2.      At all times relevant hereto, Plaintiff Pauline Normand was a resident of Delaware, Delaware County, Ohio and the wife of the Plaintiff Paul Normand.

3.      At all times relevant hereto, Plaintiff received medical care and treatment, including a left total knee replacement, at Riverside Methodist Hospital in Columbus, Franklin County, Ohio.

4.      At all times relevant hereto, Defendant Zimmer, Inc. (hereinafter "Zimmer") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Indiana and is conducting, and has regularly conducted, business in Franklin County, Ohio.

5.      Upon information and belief, in June of 2015, Zimmer, Inc. acquired Biomet and is now also known as Zimmer Biomet.

6.      At all times relevant hereto, Defendant Zimmer Biomet Holdings, Inc. (hereinafter "Zimmer Holdings") was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Indiana and is conducting, and has regularly conducted, business in Franklin County, Ohio. Zimmer Biomet Holdings, Inc. was formerly known as Zimmer Holdings, Inc.

2

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 3 of 13 PAGEID #: 49
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - 021

7. At all times relevant hereto, Defendant Zimmer Biomet Mid-Ohio, Inc. was a corporation organized and existing under the laws of the State of Ohio with its principal place of business at 6816 Lauffer Road, Columbus, Franklin County, Ohio.

8. At all times relevant hereto, Defendants John Does #1–10 were individuals, partnerships or corporations organized and existing under the laws of Ohio or some other state of the United States of America or some foreign jurisdiction, and that said Defendants are conducting and have regularly conducted business in Franklin County, Ohio.

9. At all times relevant hereto, Defendants John Does #1-10 were involved in the manufacture, distribution, sale and/or design of medical implant devices such as the one that was implanted into the Plaintiff.

10. The true names and capacities (whether individual, partnership, corporation or otherwise) of Defendants John Does #1-10 could not be discovered by Plaintiff at this time and the Plaintiff has, accordingly, sued these unknown Defendants under these fictitious names.

11. When the true names of said John Doe Defendants have been ascertained, Plaintiff will seek leave to amend his Complaint accordingly.

12. Plaintiff believes that Defendants John Does # 1-10 are legally responsible for events and occurrences that are described in this Complaint, and that John Doe Defendants proximately caused injuries and damages to Plaintiff as set forth hereinafter.

### JURISCITION AND VENUE

13. Jurisdiction is conferred on this Court by virtue of Ohio Revised Code §2305.01.

14. Pursuant to Civ. R. 3(B)(1), (2) and (3) of the Ohio Rules of Civil Procedure, venue is proper in Franklin County, Ohio, as one or more or more of the Defendants have their

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 4 of 13 PAGEID #: 50
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - 022

principal place of business, regularly conduct business, and manufacture in Franklin County, Ohio.

### SERVICE OF PROCESS

15.     Service of process is permitted on Defendants pursuant to Civ. R. 4.2(A) and (F) of the Ohio Rules of Civil Procedure.

### COMMON FACTUAL ALLEGATIONS

16.     On January 13, 2014 Plaintiff was admitted to Riverside Methodist Hospital in Columbus, Franklin County, Ohio for a total left knee replacement. The knee components implanted into Plaintiff were from Zimmer's Persona Trabecular Metal (cementless) product line. There were no complications during this surgery.

17.     Plaintiff did well for several months following this surgery; however, Plaintiff symptoms of aching pain and stiffness progressed in the Spring of 2015.

18.     A letter dated March 31, 2015, from his surgeon, Michael McShane, M.D. informed Plaintiff Paul Normand that there had been a recall of the implant used in Plaintiff during the January 13, 2014 surgery. Due to the problems that Plaintiff had been experiencing in his left knee, and after discussions with his implanting surgeon, Plaintiff Paul Normand was scheduled for revision surgery.

19.     On October 20, 2015 Plaintiff Paul Normand was again admitted to Riverside Methodist Hospital in Columbus, Franklin County, Ohio for a revision of his failed Zimmer left knee implant.

4

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 5 of 13 PAGEID #: 51
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - O23

## PLAINTIFF'S FIRST CAUSE OF ACTION
### [Negligence – All Defendants]

20.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

21.     Plaintiff states that Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 owed a duty to use reasonable care to Plaintiff in the research, testing, manufacture, preparation, design, development, distribution, advertising, marketing, inspecting, configuring, suppling and/or selling of the Zimmer Persona Trabecular knee implant used by Plaintiff, and were obliged to protect his against the foreseeable risk of harm posed by the Zimmer Persona Trabecular knee implant.

22.     Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 breached their duty of care owed to Plaintiff Paul Normand to protect his from an unreasonable risk of harm in that they negligently researched, tested, manufactured, prepared, designed, developed, distributed, advertised, marketed, inspected, configured, supplied, and/or sold the Persona Trabecular knee implant for subsequent use by the Plaintiff, Paul Normand.

23.     Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 were negligent because they knew or reasonably should have known that their knee implant was unreasonably dangerous and harmful to persons when used for its foreseeable and intended purpose.

24.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's negligence, Plaintiff Paul Normand has suffered severe and permanent injuries. These injuries have caused Plaintiff Paul Normand to incur lost wages as well as medical, hospital and drug expenses. Due to the nature of his injuries, Plaintiff expects to incur these expenses into the future.

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 6 of 13 PAGEID #: 52
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - 024

25.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings,

Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's negligence.  Plaintiff suffered severe

pain, mental anguish, and loss of enjoyment of life, and due to the permanent nature of his

injuries he expects to suffer such losses and damages into the indefinite future.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### [Product Liability – All Defendants]

### Defective Design, Formulation and/or Manufacturer or Construction:

26.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

27.     The Persona Trabecular knee implant was defectively designed and/or

manufactured in that the Persona Trabecular knee implant failed to withstand normal and

reasonable use by Plaintiff, and otherwise failed to perform adequately and safely when used in

an intended and reasonably foreseeable manner, so as to proximately cause injuries to the

Plaintiff.

28.     The defects existed at the time the Persona Trabecular knee implant left the

control of the manufacturer and was introduced into the stream of commerce by Defendants

Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10.

Specifically, Plaintiff states that the Defendants researched, tested, manufactured, prepared,

designed, developed, distributed, advertised, marketed, inspected, configured, supplied and/or

sold the Persona Trabecular knee implant and knew or should have known that the Persona

Trabecular knee implant would be used by users without any knowledge of their product defects

and inherent dangers and without any inspection for dangers and defects.

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 7 of 13 PAGEID #: 53
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 — O25

29.     Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 knew, or in the exercise of reasonably diligence, should have known of the risk of injury to Plaintiff and others like his, from the use of the Persona Trabecular knee implant.

30.     When used in an intended and reasonably foreseeable manner, the Persona Trabecular knee implant is more dangerous than an ordinary consumer or user would expect.

31.     The benefits of the Persona Trabecular knee implant do not outweigh the risks inherent in the design and configuration of the Persona Trabecular knee implant.

32.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe and permanent injuries.  These injuries have cause Plaintiff to incur lost wages and medical, hospital, drug and other related expenses.

33.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and due to the permanent nature of his injuries, she expects to suffer such damages into the indefinite future.

### Strict Liability:  Inadequate Warning or Instruction:

34.     Plaintiff incorporates the preceding paragraphs as if fully restated herein.

35.     Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10, as duly licensed corporations, designed, manufactured, sold and/or otherwise introduced into the stream of commerce the Persona Trabecular knee implant which was being used by Plaintiff when the events above occurred.

36.     Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 knew, or in the exercise of reasonable care should have known, about the risk

7

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 8 of 13 PAGEID #: 54
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 − 026

of injury to Plaintiff, and others like his, from the use of Defendants' Persona Trabecular knee implant.

37.     Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 failed to provide warnings and/or instructions to surgeons and/or patients at the time of its marketing and when it left the control of Defendants that a manufacturer, exercising reasonable care, would have provided concerning the risk to Plaintiff in light of the likelihood that the product would cause harm of the type for which Plaintiff seeks compensation in light of the seriousness of that harm.

38.     The product was further defective due to inadequate post-marketing warnings and/or instructions because Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 knew, or in the existence of reasonable care, should have known about a risk that is associated with the product and that allegedly caused harm for which Plaintiff seeks to recover compensatory damages and the manufacture failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk in light of the likelihood that the product would cause harm of the type for which Plaintiff seeks to recover compensatory damages, and in light of the likely seriousness of the harm.

39.     The defects existed at the time the Persona Trabecular knee implant left the control of the manufacturer and was introduced into the stream of commerce by Defendants.

40.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and due to the serious nature of his injuries, Plaintiff expects to suffer such damages into the indefinite future.

8

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 9 of 13 PAGEID #: 55
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - 027

**Defective Due to Nonconformance with Manufacturer's Representations:**

41.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

42.     The Persona Trabecular knee implant was defective due to its failure to conform, when it left the control of Defendant manufacturer Zimmer, Zimmer Holdings and/or John Doe Defendants #1 – 10.

43.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, and/or John Does #1-10's defective product, Plaintiff suffered severe and permanent injuries.  These injuries have caused Plaintiff to incur lost wages, medical, hospital and drug expenses.

44.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings and/or John Does #1-10's defective product, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and due to the permanent nature of his injuries expects to suffer such losses and damages into the indefinite future.

**Liability of Supplier:**

45.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

46.     Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 qualify as suppliers of the product because Defendants, in the course of a business conducted for the purpose, sold, distributed, packaged, and/or labeled the Persona Trabecular knee implant and/or otherwise participated in the placing of the product in the stream of American commerce.

47.     Defendants negligently performed as suppliers of the Persona Trabecular knee implant.

48.     As a direct and proximate result of the Defendants Zimmer Inc., Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 10 of 13 PAGEID #: 56
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - O28

suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages and medical, hospital, drug and other related expenses.

49.      As a direct and proximate result of Defendants Zimmer Inc., Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's defective product, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

### PLAINTIFF'S THIRD CAUSE OF ACTION
### [Breach of Implied Warranty – All Defendants]

50.      Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

51.      Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 implied warranty that the Persona Trabecular knee implant was of good and merchantable quality, fit and safe for its ordinary and intended use without endangering human life or safety and free from design or manufacturing defects.

52.      Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 breached these implied warranties of merchantability, safety, and fitness for a particular purpose in that the Persona Trabecular knee implant was defective, defectively designed, defectively manufactured, and dangerous to reasonably foreseeable users like Plaintiff Paul Normand.

53.      Plaintiff relied upon the implied warranties and representations of Defendants regarding their product and, as a result, utilized the Persona Trabecular knee implant.

54.      As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of implied warranties,

10

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 11 of 13 PAGEID #: 57
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - 029

Plaintiff suffered severe and permanent injuries. These injuries have caused Plaintiff to incur

lost wages and medical, hospital, drug and other related expenses.

55.    As a direct and proximate result of Defendants Zimmer, Zimmer Holdings,

Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of implied warranties,

Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer

such damages into the indefinite future.

## PLAINTIFF'S FOURTH CUASE OF ACTION
### [Breach of Express Warranty – All Defendants]

56.    Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

57.    Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or

John Does #1-10 expressly warranted that the Persona Trabecular knee implant was reasonably

fit for its intended use without endangering human safety and free from design or manufacturing

defects.

58.    Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or

John Does #1-10 breached this express warranty because the Persona Trabecular knee implant

was dangerous and defective for its reasonably foreseeable use.

59.    Plaintiff relied on the expressed warranties and representations of Defendants

Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10 regarding

the fitness, safety, and durability of the Persona Trabecular knee implant and as a result Plaintiff

used said Persona Trabecular knee implant.

60.    As a direct and proximate result of Defendants Zimmer, Zimmer Holdings,

Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of express warranties,

Case: 2:17-cv-00347-JLG-CMV Doc #: 5 Filed: 04/25/17 Page: 12 of 13 PAGEID #: 58
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Mar 24 10:10 AM-17CV002900
0D516 - 030

Plaintiff suffered severe and permanent injuries. These injuries have caused Plaintiff to incur lost wages and medical, hospital, drug and other related expenses.

61.     As a direct and proximate result of Defendants Zimmer, Zimmer Holdings, Zimmer Biomet Mid-Ohio, Inc. and/or John Does #1-10's breaches of express warranties, Plaintiff suffered severe pain, mental anguish and loss of enjoyment of life and expects to suffer such damages into the indefinite future.

### PLAINTIFFS' FOURTH CAUSE OF ACTION
#### [Loss of Consortium]

62.     Plaintiffs incorporate the preceding paragraphs as if fully rewritten herein.

63.     At all times relevant to this Complaint Plaintiff Pauline Normand was, and is the wife of Plaintiff Paul Normand.

64.     As a direct and proximate result of the negligence of the Defendants, collectively and individually, Plaintiff Pauline Normand has lost the love, affection, society, aid, assistance, affection and companionship of her husband; and due to the permanent nature of his injuries she will incur such losses and damages into the future.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants, jointly and severally, for compensatory, consequential, incidental, special and medical damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) together with attorney fees, the costs herein expended, and any other such relief as may be just and proper in this case.

0D516 - O31

Respectfully submitted,

Daniel N. Abraham          (0023457)
**Colley Shroyer & Abraham Co., LPA**
536 South High Street
Columbus, Ohio 43215
Tele: (614) 228-6453
Fax: (614) 228-7122
Email: dabraham@csajustice.com
*Trail Attorney for Plaintiff*


## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands that the within matter be tried

by a jury of eight (8).

Daniel N. Abraham      (0023457)

13